UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION
LAFAYETTE SUB-OFFICE

| | |
|---|---|
| GREGORY M. COX,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WALTER CHRISTIAN MEYER d/b/a<br>W. CHRISTIAN MEYER,<br><br>　　　　Defendant. | CASE NO.  4:18-cv-00041<br><br>JURY DEMAND |

## **COMPLAINT**

### I.　　INTRODUCTION

1. This is a case about a man who has been wrongfully targeted by a predatory collection attorney concerning a debt he did not incur or owe and thousands of dollars' worth of attorney fees related to said debt.

2. Further, this is a case about a man who was given the ultimatum of paying thousands of dollars he did not owe or continuing to worry that his wife would be arrested due to a warrant relating to nonpayment of a debt that was supposed to be, and ultimately was, paid for by insurance.

3. This is an action for statutory and actual damages, attorneys' fees, and costs of the action brought by Plaintiff Gregory M. Cox for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by Defendant Walter Christian Meyer d/b/a W. Christian Meyer.

## II.     JURISDICTION

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 1337.

## III.     VENUE

5. Defendant Walter Christian Meyer d/b/a W. Christian Meyer ("Defendant" and/or "W. Christian Meyer") regularly transacts business in this judicial district.

6. Defendant is subject to the personal jurisdiction of this Court.

7. Defendant resides in the State of Indiana and this judicial district under the provisions of 28 U.S.C. § 1391(c)(1).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

9. A substantial part of the events giving rise to this claim occurred in this judicial district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV.     PLAINTIFF

11. Plaintiff Gregory M. Cox ("Mr. Cox") is a natural person residing in Tippecanoe County, Indiana.

12. Mr. Cox was allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692(a)(5).

13. Mr. Cox is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

14. Mr. Cox allegedly incurred a debt with Indiana Spine Center.

15. Mr. Cox has never owned a business.

16. Any obligation that Mr. Cox would have incurred to pay money would have arisen out of a transaction that was solely or primarily for a personal, family, or household purpose.

## V.     DEFENDANT

17. Defendant W. Christian Meyer is an attorney admitted to practice in the State of Indiana, with his principal place of business in Lafayette, Indiana.

2

18. Defendant's Bar Number with the Indiana Supreme Court is: 13724-03.

19. At all relevant times herein, Attorney Meyer was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

20. Defendant uses the email address: meyerlawoffice@comcast.net.

21. At all times relevant to this action, Defendant had one or more employees acting on behalf of Defendant.

22. Defendant is an attorney that communicates with consumers in an attempt to collect consumer debt.

23. Defendant regularly attempts to collect debt on behalf of Indiana Spine Center.

24. Defendant is engaged in the collection of debts from consumers using the mail.

25. Defendant is engaged in the collection of debts from consumers using the telephone.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## VI.   STATEMENT OF FACTS

27. Mr. Cox repeats, realleges, and incorporates herein by reference all of the foregoing paragraphs as if fully restated herein.

28. Mr. Cox and Cynthia K. Cox ("Cynthia" and/or "Mrs. Cox") are husband and wife.

29. On January 8, 2016, Cynthia signed a document called a Disclosure and Release Authorization Form which contractually bound her to pay for medical care provided by the Indiana Spine Center.

30. A copy of the Disclosure and Release Authorization form is attached hereto and incorporated herein by reference as Exhibit A.

31. Cynthia thereafter received the provision of medical care from the Indiana Spine Center from January 8 to February 18, 2016.

32. The medical care Cynthia received was covered by her medical insurance.

33. Cynthia's medical insurer did not timely pay for the medical care, and the Indiana Spine Center referred the debt to Attorney Meyer for collection.

34. On September 30, 2016, Attorney Meyer filed a lawsuit on behalf of the Indiana Spine Center against Cynthia captioned *Indiana Spine Center v. Cynthia K. Cox*, Cause No. 79D01-1609-CC-000817.

35. Cynthia defaulted, and Attorney Meyer obtained a default judgment against her on November 7, 2016, in the total amount of $51,978.37 (comprised of $35,535.00 for principal, $1,596.64 for statutory prejudgment interest, $14,665.73 for attorney fees and $181.00 for the costs of the action).

36. Attorney Meyer then engaged in efforts to collect the judgment from Cynthia, which were unsuccessful.

37. On February 8, 2017, Attorney Meyer served Cynthia, who had not appeared or responded to any filing in the case thus far, with requests for admission titled Plaintiff's Request for Admissions to Defendant.

38. A copy of Plaintiff's Request for Admissions to Defendant is attached hereto and incorporated herein by reference as Exhibit B.

39. The requests for admission sought the admission of facts that were not true, such as the fact that Mr. Cox was in a financially superior position to Cynthia at the time the medical services were provided and that Cynthia was authorized to "sign or consent to and bind" Mr. Cox to contractual obligations.

40. The requests for admission did not advise Cynthia that if a timely response was not submitted that the requests would automatically be deemed admitted by operation of law.

41. Cynthia did not respond to the requests for admission.

42. On May 10, 2018, Attorney Meyer moved to add Mr. Cox to Cause No. 79D01-1609-CC-000817, claiming the Indiana Spine Center had a "right to relief" against Mr. Cox.

43. On June 21, 2017, Attorney Meyer moved for a default judgment against Mr. Cox "for principal in the sum of $35,304.00, interest in the sum of $3,455.43 and attorney fees in the sum of $14,665.73."

44. A copy of the Motion for Default Judgment is attached hereto and incorporated herein by reference as Exhibit C.

45. In support of the requested attorney fee award of $14,665.73, Defendant submitted an Affidavit in Support of Attorney Fees.

46. A copy of the Affidavit in Support of Attorney Fees is attached hereto and incorporated herein by reference as Exhibit D.

47. The Affidavit in Support of Attorney Fees states, *inter alia*, "(t)hat Plaintiff's Complaint requests the payment of attorney fees by Defendant pursuant to a written agreement signed by the Defendant, or on Defendant's behalf."

48. This statement—that Plaintiff's Complaint requests the payment of attorney fees by Defendant pursuant to a written agreement signed by the Defendant—is false, as Mr. Cox never signed any agreement nor did anyone sign any such agreement on his behalf.

49. Attorney Meyer also submitted an Affidavit of Debt in support of the Motion for Default Judgment.

50. A copy of the Affidavit of Debt is attached hereto and incorporated herein by reference as Exhibit E.

51. The Affidavit of Debt states, *inter alia*, "Defendant has an unpaid balance of $38,759.43 on account [XXXX]84."

52. This statement is false, as Mr. Cox never had an unpaid balance of $38,759.43 on account [XXXX]84 as he never had any contractual liability on account [XXXX]84.

53. A default judgment was granted by the court against Mr. Cox in Cause No. 79D01-1609-CC-000817 on June 23, 2017, in the amount of $53,424.16, plus court costs of $191.00.

54. Attorney Meyer instituted proceedings supplemental against Mr. Cox.

55. The $35,000+ medical bill was paid by insurance in November of 2017.

56. Thereafter, Attorney Meyer negotiated a settlement of the remainder of the judgment for $7,000 with Mr. Cox, which Mr. Cox paid to Defendant.

57. The default judgment against Mr. Cox was set aside on June 4, 2018.

## VII.   CLAIMS FOR RELIEF

### A.   Fair Debt Collection Practices Act

58. Mr. Cox repeats, realleges, and incorporates herein by reference all of the foregoing paragraphs as if fully restated herein.

59. Defendant violated the Fair Debt Collection Practices Act.  These violations include, but are not limited to:

    a. Falsely stating to Plaintiff that he owed $14,665.73 in attorney fees in the Motion for Default Judgment, in violation of 15 U.S.C. § 1692e;

    b. Falsely stating to Plaintiff that he owed $14,665.73 in attorney fees in the Motion for Default Judgment, in violation of 15 U.S.C. § 1692e(2)(a);

    c. Falsely stating to Plaintiff that he owed $14,665.73 in attorney fees in the Motion for Default Judgment, in violation of 15 U.S.C. § 1692e(10);

    d. Falsely stating to Plaintiff in the Affidavit in Support of Attorney Fees that Plaintiff was liable pursuant to a written agreement, in violation of 15 U.S.C. § 1692e;

    e. Falsely stating to Plaintiff in the Affidavit in Support of Attorney Fees that Plaintiff was liable pursuant to a written agreement, in violation of 15 U.S.C. § 1692e(10);

    f. Falsely stating to Plaintiff in the Affidavit of Debt that Plaintiff had an unpaid balance of $38,759.43 on account [XXXX]84, in violation of 15 U.S.C. § 1692e;

    g. Falsely stating to Plaintiff in the Affidavit of Debt that Plaintiff had an unpaid balance of $38,759.43 on account [XXXX]84, in violation of 15 U.S.C. § 1692e(2)(a);

    h. Falsely stating to Plaintiff in the Affidavit of Debt that Plaintiff had an unpaid balance of $38,759.43 on account [XXXX]84, in violation of 15 U.S.C. § 1692e(10);

    i. Making the foregoing false representations to the court in order to obtain a default judgment, in violation of 15 U.S.C. § 1692f;

    j. Using an unfair or unconscionable means to attempt to collect a debt by relying upon an unconscionable contract provision to collect an excessive attorney fee, in violation of 15 U.S.C. § 1692f;

    k. Collecting an amount (attorney fees) that was neither expressly authorized by the agreement creating the debt nor permitted by law, in violation of 15 U.S.C. § 1692f(1).

60. As a result of the violation of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for his actual damages, statutory damages, costs, attorney fees, and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant in an amount that will compensate him for his actual damages, statutory damages, costs, attorney fees, and for all other appropriate relief.

Respectfully submitted,

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com
Attorney for Plaintiff

Respectfully submitted,
s/ *Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Plaintiff*

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com
Attorney for Plaintiff

                                              Respectfully submitted,
/s/ *Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Plaintiff*