UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| GREGORY M. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:18 CV 41 |
| | ) |
| WALTER CHRISTIAN MEYER d/b/a | ) |
| W. CHRISTIAN MEYER, | ) |
| | ) |
| Defendant. | ) |

### OPINION and ORDER

This matter is before the court on a motion for summary judgment filed by defendant Walter Christian Meyer. (DE # 37.) Also before the court is defendant's related motion to strike (DE # 48) and plaintiff's motion for leave to file a sur-reply (DE # 50). For the following reasons, defendant's motion for summary judgment will be granted, defendant's motion to strike will be denied as moot, and plaintiff's motion for leave to file a sur-reply will be granted.

I.  **BACKGROUND**

The following facts are not genuinely disputed. In 2016, Cynthia Cox, wife of plaintiff Gregory M. Cox, incurred over $35,000 in medical debt, which was owed to the Indiana Spine Center. The medical debt was fully covered by insurance, but for reasons that are not entirely clear, payment by insurance was delayed, and the account was ultimately sent to defendant, an attorney, to collect. (DE # 39-3 at 57-58; DE # 39-6 at 66-67.)

Defendant filed a collection lawsuit against Cynthia in Tippecanoe County Superior Court on September 30, 2016, seeking the medical debt plus interest and liquidated attorney's fees. After Cynthia was served and did not respond, defendant filed a motion for default judgment, which was granted. (DE # 39-2 at 235-46.)

After defendant unsuccessfully attempted to collect the judgment against Cynthia, he sought to amend the complaint to add plaintiff to the same lawsuit, under the theory that Indiana's "doctrine of necessaries" permits creditors to collect judgments against a debtor's spouse under certain circumstances. (DE # 39-2 at 259.) Plaintiff was served with the amended complaint in accordance with Trial Rule 4.1 of the Indiana Rules of Trial Procedure on or about May 18, 2017, both via the Tippecanoe County Sheriff, who left a copy at his home, and through the U.S. mail. (DE # 39-2 at 267.) The amended complaint sought a principal sum of $35,304.00, interest in the amount of $3,455.43, and liquidated attorney's fees in the amount of $14,665.73. (DE # 39-2 at 263-64.)

Plaintiff did not respond or appear in state court, so on June 22, 2017, defendant moved for default judgment against plaintiff, seeking the same sums as were sought in the amended complaint. (DE # 39-2 at 268.) This motion was granted the next day. Defendant initiated proceedings supplemental against plaintiff. In the meantime, the insurer finally paid the medical bill. (DE # 39-6 at 39.) Defendant continued to collect the remaining attorney's fees and interest. (DE # 39-2 at 49-50.) Plaintiff and defendant

2

ultimately agreed that plaintiff would pay $7,000 in cash in exchange for filing a release of judgment.

Because plaintiff continued to deal with negative fallout from the default judgment, including the garnishment of his wages, plaintiff filed a motion to set aside the default judgment along with a proposed order that defendant had helped to draft. The motion to set aside the default judgment was granted. (DE # 39-2 at 184-86.)

Shortly thereafter, plaintiff filed the instant federal complaint against defendant, alleging that defendant violated various parts of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d *et seq.*, in the course of attempting to collect Cynthia's debt from plaintiff. (DE ## 1, 14.) Defendant moved for summary judgment on all claims. (DE # 37.) Plaintiff responded (DE # 46), and defendant replied (DE # 47). Plaintiff moved for leave to file a sur-reply, which the court now grants. (DE # 50.) The court has considered the sur-reply, filed instanter, in resolving the underlying motion for summary judgment. (DE # 50-1.) Defendant also moved to strike certain evidence submitted by plaintiff. (DE #61.) All motions are fully briefed and ripe for ruling.

**II.   LEGAL STANDARD**

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that

3

party's case, and which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus., Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *First Nat'l Bank of Cicero v. Lewdco Sec. Corp.,* 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts that there is a genuine issue for trial. *Matsushita,* 475 U.S. at 587. A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Further, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Id.* at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994).

In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998).

## III. DISCUSSION

At the outset, the court notes that plaintiff has explicitly abandoned his claims brought pursuant to 15 U.S.C. § 1692e(11) of the FDCPA, which were based upon plaintiff's allegations that defendant failed to disclose that certain communications were

4

from a debt collector. (DE # 50-1 at 8.) Plaintiff admits that, under recent Seventh Circuit decisions, he lacks standing to sue because he cannot establish concrete injury. *See, e.g., Larkin v. Fin. Sys. of Green Bay, Inc.,* 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.,* 983 F.3d 274 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.,* 982 F.3d 1069 (7th Cir. 2020). The court, therefore, grants summary judgment for defendant on these claims.

The remaining claims in this case depend on the court's resolution of the question of the statute of limitations. The parties agree that a one-year statute of limitations applies. 15 U.S.C. § 1692k(c). There is also no dispute that the Supreme Court has definitively determined that the one-year time period cannot be tolled based on a consumer's failure to discover or notice the FDCPA violation. *Rotkiske v. Klemm,* 140 S. Ct. 355 (2019). It is further undisputed that, because the lawsuit in the present case was filed on June 20, 2018, any claims accruing prior to June 20, 2017, are time-barred. Plaintiff does not identify (in his Statement of Undisputed Material Facts or anywhere else) any alleged violations that could be considered timely except for the allegations related to defendant's filing of a motion for default judgment and its related affidavits in the state court collection case, so the court turns its attention to the timeliness of a claim based on those particular allegations.

It is not genuinely disputed that the state court collection proceedings against plaintiff commenced on or about May 18, 2017, when plaintiff was served with the amended complaint, and that this date is more than one year removed from the date on

5

which plaintiff filed the federal FDCPA complaint in this case. In other words, an FDCPA suit premised upon state court collection proceedings against plaintiff would appear untimely if the one-year clock began to run when plaintiff was served with the amended complaint.

The parties also appear to agree that defendant's motion for default judgment (and its related affidavits) were filed in the state court collection proceedings within one year of the complaint in the present case. In other words, an FDCPA suit premised upon the motion for default judgment would be timely if another one-year clock began to run when defendant filed the motion for default judgment in state court.

What the parties do not agree upon is whether defendant's state court motion for default judgment represented an "independent" violation of the FDCPA with its own one-year limitations period, or whether it was simply a continuation of the state court collection proceedings against plaintiff that had commenced earlier. In short, the question for the court is whether defendant effectively pressed start on the running of a new one-year FDCPA clock when he filed a motion for default judgment against plaintiff in state court.

The Seventh Circuit has noted that it is meritless to argue that a violation arising from the filing of a debt-collection suit continues as long as the suit remains pending. *Gajewski v. Ocwen Loan Servicing,* 650 Fed. Appx. 283, 287 (7th Cir. 2016). Put another way, an FDCPA plaintiff cannot "resurrect prior, untimely claims based on a 'continuing violation' theory." *Id.* However, the Seventh Circuit Court of Appeals left

6

open the possibility that discrete activity within an ongoing case "may lead to new, and separately prosecutable, violations of the FDCPA." *Id.* at 286. *Gajewski*, then, states that although a later alleged violation cannot revive prior, untimely allegations to render the prior ones timely, a later alleged violation in a collection suit may still enjoy the benefit of *its own* limitations period, if it is sufficiently distinct from the overall collection litigation to be deemed independent and separately prosecutable.

In *Gomez v. Cavalry Portfolio Servs., LLC,* 962 F.3d 963, 966 (7th Cir. 2020), the Seventh Circuit provided further explanation and clarity around the issue of independent claims in the context of FDCPA violations and the applicable one-year statute of limitations. The court began by reiterating the uncontroversial concept that "[e]ach violation of a federal statute carries its own period of limitations." *Id.* The court then went on to reason that three different letters sent to debtors by a collector were individual, separate acts under the FDCPA, each of which deserved its own one-year limitations period, because the letters were "stand-alone" statements of an allegedly false amount due, and the final letter (the only one that could potentially be the basis for a timely claim) was "not an inevitable consequence" of the first two. *Id.* at 966. At the time each letter was sent, the court noted, the creditor could have recalculated the amount claimed, and a correct amount could have been stated. *Id.*

In light of this precedent, the court finds that the case at hand turns upon whether, by filing the motion for default judgment in the collection lawsuit, defendant committed an independent, stand-alone act that was not an inevitable consequence of

7

the overall collection lawsuit against plaintiff. Fellow district courts examining this issue have concluded that the date of the filing of a collection complaint is the relevant date to consider for statute of limitations purposes. For example, in *Wies v. Cavalry SPV I, L.L.C.,* the court held that a party's motion for summary judgment did not constitute a discrete FDCPA violation separate from the collection litigation as a whole, and that the collection complaint's filing date was the relevant date for statute of limitations purposes. No. 1:14-CV-187 RLM, 2015 WL 569897, at *3 (N.D. Ind. Feb. 11, 2015). The court reasoned that "[c]ontinuing to prosecute a collection action isn't a discrete debt collection activity." *Id.; see also Jones v. U.S. Bank Nat. Ass'n,* No. 10 C 0008, 2011 WL 814901, at *5 (N.D. Ill. Feb. 25, 2011) ("[C]ontinuing to prosecute the Foreclosure Case is not itself a discrete debt collection activity sufficient to toll or restart the statute of limitations."); *Woods v. Wells Fargo Fin. Bank,* No. 1:10–cv–219, 2010 WL 4629905, at *3 (S.D. Ind. Nov. 4, 2010) (in cases where the violation arises out of a collection lawsuit, "the FDCPA's statute of limitations begins to run . . . when the allegedly wrongful litigation begins").

An analysis of the particular facts of this case demonstrate that it is on par with *Wies* and demands the same result. State court collection proceedings were initiated by defendant against plaintiff when defendant served him on or about May 18, 2017. (DE # 39-2 at 267.) The amended complaint named plaintiff as an additional state-court defendant, as he was Cynthia's husband and defendant believed he could be liable for Cynthia's debts under Indiana's doctrine of necessaries. (DE # 39-2 at 259.) The

8

amended complaint sought a principal sum of $35,304.00, interest in the amount of $3,455.43, and attorney's fees in the amount of $14,665.73. (DE # 39-2 at 263-64.) On June 22, 2017, defendant moved for default judgment against plaintiff in state court. (DE # 39-2 at 268.) Defendant noted plaintiff's failure to appear, and sought a principal sum of $35,304.00, interest in the amount of $3,455.43, and attorney's fees in the amount of $14,665.73, the same amount requested in the amended complaint. (*Id.*)

A motion for default judgment, like the one defendant filed in the underlying collection litigation, may be the very best example of a *dependent* litigation filing; it is meaningless and useless without the complaint's allegations, and the notice provided by the complaint justifies recovery, via the motion for default judgment, of precisely what was requested in the complaint in the first place. The motion for default judgment, in this case, made statements requesting precisely the same amounts requested in the amended complaint. Defendant could not have requested a greater recovery than what was requested in the amended complaint, nor could he have filed it at all without the amended complaint pre-dating it.

As *Gomez* explained, a "stand-alone" action that is not an "inevitable consequence" of prior actions is what constitutes an independent violation with its own period of limitations. *Gomez*, 962 F.3d at 966. *Gomez* involved the third letter in a series, each of which could "stand-alone" and each of which could have been submitted at any time and in any order, and would function with or without the existence of the others. *Id.* On the contrary, the present case involves a motion for default judgment, which was

9

fully dependent on the previously-filed amended complaint and the overall litigation effort as a whole for meaning, context, and legitimacy.

A motion for default judgment is, in fact, an "inevitable consequence" of collection litigation in which one's opponent did not appear. *Gomez,* 962 F.3d at 966. There was no other path forward for defendant under the circumstances. To find otherwise would produce absurd results, wherein an absent debtor could avoid the statute of limitations on a stale FDCPA claim by simply failing to appear in the underlying collection action. Failing to appear would force a creditor into (rightfully) filing a motion for default judgment, which would effectively breathe new life into a potential FDCPA claim that would otherwise be dead. This absurdity need not occur. It is clear from the facts of this case that the motion for default judgment was part and parcel to the collection action itself, and not a separate violation deserving of its own period of limitations.

Plaintiff argues that *Wies* and the other district court decisions cited herein were superseded by *Gomez*, but this court disagrees. *Gomez* did not even involve the unique issue of determining whether motions filed in collection litigation are independent of the overall litigation for statute of limitation purposes; it involved the more typical FDCPA scenario of a creditor sending letters to a debtor. As explained above, *Gomez* restated the general rule that "[e]ach violation of a federal statute carries its own period of limitations," and went on to hold that a third letter in a series constituted an independent violation because it was a "stand-alone" communication and "not an

10

inevitable consequence." 962 F.3d at 966. Thus this decision provides helpful guidance for examining cases like this one, but it does not appear to supercede *Wies* or any other district court who has wrestled with the question in the collection litigation context. In this court's view, *Gomez* is entirely compatible with *Wies* and other courts who have concluded that a particular action taken during collection litigation was not so separate and distinct from the overall litigation as to constitute an independent FDCPA violation for purposes of the statute of limitations.

The court acknowledges that the Seventh Circuit has not categorically banned individual motions made during the course of collection litigation from the pool of actions which may constitute independent FDCPA violations. *See Gajewski,* 650 Fed. Appx. at 286 ("We presume, as do the plaintiffs, that collection activity within or related to pending litigation may lead to new, and separately prosecutable, violations of the FDCPA."). Nor does the court, today, intend to sweep with a broad brush. The court simply holds that, while there may be some cases presenting facts upon which a court might find that certain motions filed or actions taken during collection litigation might constitute "independent" violations for statute of limitations purposes, this is not such a case.

In sum, the motion for default judgment at issue in the underlying collection litigation in this case was a continuation of previously-filed state court collection proceedings, and not an independent, stand-alone act that constituted a separate FDCPA claim triggering the start of its own one-year statute of limitations period. Thus,

11

plaintiff's FDCPA claims related to the filing of the motion for default judgment are untimely, and summary judgment for defendant is appropriate.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (DE # 37) is **GRANTED.** Defendant's motion to strike (DE # 48) is **DENIED as moot**, as its consideration is unnecessary. Plaintiff's motion to file a sur-reply is **GRANTED**. (DE # 50.) Because no claims remain in this case, the court now orders the clerk to **ENTER FINAL JUDGMENT** stating:

> "Judgment is granted in favor of defendant Walter Christian Meyer d/b/a W. Christian Meyer, and against plaintiff Gregory M. Cox, who shall take nothing by way of the complaint."

**SO ORDERED.**

Date: September 30, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT